UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LLOYD TILLY, JR.**                                   CIVIL ACTION

**VERSUS**                                             NO. 13-6540-HGB-SS

**CAROLYN W. COLVIN, ACTING**
**COMMISSIONER SOCIAL SECURITY**
**ADMINISTRATION**

### REPORT AND RECOMMENDATION

On December 3, 2013, the motion of the plaintiff, Lloyd Tilly, Jr., for leave to proceed in forma pauperis was granted. Rec. doc. 2. His complaint against the Social Security Administration was filed alleging that he was adversely affected by the final decision of the Commissioner of the Social Security Administration. Rec. doc. 1. He is not represented by counsel. The Clerk issued the summons. Rec. doc. 4. The Commissioner has not been served.

After more than 120 days from filing the complaint, the matter was scheduled for the call docket on April 23, 2014. It was noted that there was no record of service of the summons and complaint on the defendant, Carolyn W. Colvin, Acting Commissioner of Social Security. The order quoted from Fed. R. Civ. P. 4(m) and noted that the complaint was pending for more than 120 days. The order required Mr. Tilly to file proof of service of the summons and complaint or demonstrate good cause for failing to do so. If he was unable to appear in Court, he was authorized to call the Court's chambers. Rec. doc. 6. Prior to April 23, 2014, Mr. Tilly telephoned. He requested additional time. The matter was reset for the call docket on May 28, 2014.

The Commissioner has not been served. It has been nearly six months since the filing of the complaint.

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear.  See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998).  A Rule 41(b) dismissal is considered to be an adjudication on the merits.  Edwards v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996).  The court's power to dismiss for want of prosecution should be used sparingly.  See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).

Tilly is not represented by counsel.  The responsibility for the failure to comply with the court's orders rests exclusively with him.  He has not complied with the Court's order to serve the summons and complaint on the Commissioner.  Mr. Tilly has not sought an extension since his request for additional time was granted and the matter was reset for the call docket on May 28, 2014.  There is a clear record of delay without excuse.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Lloyd Tilly, Jr.'s complaint be dismissed without prejudice for failure to prosecute.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 2nd day of June, 2014.

                                                       **SALLY SHUSHAN**
                                                       **U.S. Magistrate Judge**